UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENNIFER R. SCHUMSKY )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CONSTITUTION LUBE, INC.; )<br>KURT E. PEDERSON, IN HIS )<br>OFFICIAL CAPACITY; )<br>KURT E. PEDERSON, IN HIS )<br>INDIVIDUAL CAPACITY, )<br>)<br>    Defendants. ) | Civil Action No.: |

**COMPLAINT**

Plaintiff, Jennifer R. Schumsky ("Plaintiff"), by and through her attorney, alleges the following against Defendant, Constitution Lube, Inc., ( hereinafter "Constitution Lube"); Defendant Kurt E. Pederson, in his official capacity (hereinafter "Pederson officially"); and Defendant Kurt E. Pederson, in his individual capacity (hereinafter "Pederson individually").

1

## Preliminary Statement

1. This is an action against Constitution Lube to recover damages and other relief resulting from violations of Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. §2000e, *et seq.*); specifically 42 U.S.C. §2000e-2(a)(1), which makes it unlawful for an employer to discriminate against any individual because of such individual's sex; and for violations of state common law by Defendant Pederson officially and Defendant Pederson individually.

## Jurisdiction and Venue

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331(federal question), 28 U.S.C. §1343, and 42 U.S.C. §2000e-5(f).

3. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b), in that the unlawful employment practices complained of occurred within this district, and the Plaintiff resides herein.

4. Supplemental jurisdiction over Plaintiff's state common law claims is invoked pursuant to 28 U.S.C. §1367, as these claims arise out of the same transaction and occurrence as Plaintiff's federal claims.

5. Costs, expert fees and attorney's fees are sought pursuant to 42 U.S.C. §1988.

**Parties**

6. Plaintiff is a citizen for purposes of protective statutes; is a resident of the County of Hartford, State of Connecticut, and was employed by Constitution Lube from on or about September 29, 2005 to on or about June 18, 2008.

7. Defendant, Constitution Lube, Inc., is and was a corporation doing business in Hartford County, State of Connecticut. Constitution Lube has and does employ in excess of the statutory required number of employees in interstate commerce for purposes of Title VII.

8. At all times material herein, Defendant Kurt E. Pederson is and was the President and Chief Executive Officer of Defendant, Constitution Lube. At all times material herein Defendant Kurt E. Pederson is and was an owner and/or officer and/or partner and/or director and/or agent and/or employee of Defendant Constitution Lube. Defendant Kurt E. Pederson is being sued in his official and individual capacities, and is a Defendant as to the Supplemental state common law claims only.

## Administrative Procedures

9. On February 25, 2009, Plaintiff filed charges of employment discrimination with the State of Connecticut Commission on Human Rights and Opportunities. (hereinafter "CCHRO").

10. On or about September 3, 2009, Plaintiff received a "Release of Jurisdiction" from the CCHRO. A true and correct copy of the said release is attached to this Complaint as Exhibit A.

11. Within 300 days of the occurrence of the acts of which she complains, Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission, (hereinafter "EEOC").

12. On or about September 13, 2009, Plaintiff received a "notice of right to sue" from the EEOC. A true and correct copy of the said notice is attached to this Complaint as Exhibit B.

## Statement of Claim

13. Plaintiff was employed by Constitution Lube as a bookkeeper in Constitution Lube's corporate office in Wethersfield, Connecticut.

14. Beginning in or about October, 2005, and lasting up through and including June 18, 2008, when Plaintiff's employment was involuntarily terminated, Mr. Kurt E. Pederson, the President and Chief Executive Officer of Constitution Lube, sexually harassed the Plaintiff by engaging in a continuous and ongoing intimidating, hostile, offensive and unwelcome course of conduct and actions, including, but not limited to, those alleged herein.

15. Plaintiff's workstation was in a corner adjacent to Mr. Pederson's office.

16. Mr. Pederson always addressed Plaintiff by calling her "sweetie". He never addressed Plaintiff by her name. On almost a daily basis throughout Plaintiff's employment, Mr. Pederson touched and fondled the Plaintiff by rubbing her shoulders and her back. On numerous occasions when Plaintiff was at the photocopier making copies, Mr. Pederson would place his arm around Plaintiff's hips and onto Plaintiff's derriere. Mr. Pederson touched and fondled Plaintiff in this manner in plain view of other owners, managers and employees.

17. On numerous occasions throughout Plaintiff's employment, Mr. Pederson asked Plaintiff to "go to lunch with him at a hotel". Plaintiff repeatedly declined Mr. Pederson's invitations.

18. On numerous occasions throughout Plaintiff's employment, Mr. Pederson asked Plaintiff "why don't you and I go on vacation", and told Plaintiff that she would "look good in a two-piece". Plaintiff repeatedly declined Mr. Pederson's invitations.

19. Plaintiff repeatedly complained to Mr. Pederson about the aforementioned sexually harassing and discriminatory conduct. Plaintiff directly asked Mr. Pederson to stop touching her. When Mr. Pederson brushed up against Plaintiff or commenced to rub her and touch her, Plaintiff would try to move away from him.

20. In response to Plaintiff's repeated complaints to Mr. Pederson to refrain from touching her, Mr. Pederson would repeatedly laugh and smirk at the Plaintiff and continued unabated on almost a daily basis to rub against her and touch her person as aforementioned.

21. On numerous occasions Plaintiff would hide in the bathroom at the company offices to escape the unwanted touching perpetrated upon her by Mr. Pederson.

22. During the time of Plaintiff's employment with Constitution Lube and thereafter, Mr. Pederson sexually harassed at least five other female employees of Constitution Lube at other Connecticut locations of Constitution Lube, by engaging in continuous and ongoing intimidating, hostile, offensive and unwelcome fondling, touching and rubbing of the said female employees.

23. During Plaintiff's employment with Constitution Lube, Plaintiff was caused to telephone Mr. Sean Porcher, who at all times mentioned herein, was a partner of Constitution Lube based in California. The reason for the call was to discuss an operations issue, and during the conversation Plaintiff and Mr. Porcher got into a discussion about Mr. Pederson's computer malfunctioning again.

24. During the telephone conversation as aforesaid, Mr. Porcher indicated to Plaintiff that the reason for Mr. Pederson's computer malfunctioning was "because of all the porn sites he goes on".  Mr. Porcher further indicated that personnel from the company that is the software provider to Constitution Lube had previously alerted him to Mr. Pederson's porn problem because Mr. Pederson had previously blown two company computers that became infected due to Mr. Pederson spending company time visiting internet porn sites.

25. On an occasion in 2006, when Mr. Pederson was out on the road, he called Plaintiff and asked Plaintiff to log into his computer to check an email from Debra Erler, a Penzoil distributor. When Plaintiff logged in and checked Mr. Pederson's email, Plaintiff was shocked, humiliated and embarrassed to find numerous sexually explicit emails directed to Mr. Pederson from internet porn sites. Constitution Lube knew that Plaintiff would be caused to view the aforementioned numerous sexually explicit emails in the process of locating the email from Debra Erler.

26. Plaintiff is informed and believes, and thereon alleges, that other owners and/or officers and/or partners and/or directors of Constitution Lube were aware that Mr. Pederson was engaging in the sexually harassing conduct alleged herein, but failed to take the appropriate corrective action necessary to ensure that he ceased such conduct.

**COUNT ONE: Violation of Title VII by Defendant Constitution Lube Based On Sex (42 U.S.C. §2000e, *et seq.*).**

1-26. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as if fully set forth herein.

27. The Defendant, Constitution Lube, subjected the Plaintiff to the above-described unwelcome sexual advances, conduct, comments and harassment, which unwelcome sexual advances, conduct, comments and harassment was based on the Plaintiff's sex.

28. The above-described unwelcome sexual harassment of the Plaintiff by Defendant, Constitution Lube, was severe or pervasive and created an intimidating, hostile or offensive work environment which interfered with Plaintiff's emotional well-being.

29. Defendant, Constitution Lube, at all times relevant hereto, had actual knowledge of the above-described unwelcomed sexual advances, conduct, comments and harassment of the Plaintiff.

30. Defendant, Constitution Lube, at all times relevant hereto, ridiculed Plaintiff's numerous direct requests to stop the above-described unwelcomed sexual advances, conduct, comments and harassment perpetrated upon her.

31. As a result of Defendant Constitution Lube's unwelcomed sexual advances, conduct, comments and harassment of the Plaintiff as aforesaid, Plaintiff has suffered actual damages including, but not limited to attorney fees and costs of suit.

32. As a further result of Defendant Constitution Lube's unwelcomed sexual advances, conduct, comments and harassment of the Plaintiff as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer from emotional distress consisting of outrage, shock and humiliation reasonably likely to occur based on the sexual harassment she experienced.

33. Defendant, Constitution Lube, by engaging in the aforementioned unwelcomed sexual advances, conduct, comments and harassment of the Plaintiff, and by responding with ridicule to her when she asked Defendant, Constitution Lube, to stop the harassment; and Defendant, Constitution Lube, by refusing to stop the harassment,

acted with willful and conscious disregard of Plaintiff's rights under Title VII, thereby justifying an award of punitive and exemplary damages.

**COUNT TWO: Intentional Infliction of Emotional Distress against Constitution Lube and Pederson Officially.**

1-33. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

34. Constitution Lube, by and through its agent, President and Chief Executive Officer, Kurt E. Pederson; and Defendant Pederson Officially, committed actions that were extreme and outrageous, and/or made with the intention of causing Plaintiff to suffer emotional distress.

35. Specifically, when Plaintiff repeatedly asked Mr. Pederson to stop touching and fondling her, Mr. Pederson responded by ridiculing Plaintiff by laughing and smirking at her, and not only ignored her request, but responded with increased touching and fondling of her person.

36. Constitution Lube, by and through its agent; President and Chief Executive Officer, Kurt E. Pederson; and Defendant Pederson Officially, intended to inflict emotional distress, or knew or should have known that emotional distress was a likely result of its conduct.

37. The foregoing conduct did in fact cause Plaintiff to suffer severe emotional distress, and as a proximate result of said conduct, Plaintiff did suffer and continues to suffer from emotional distress consisting of pain, discomfort, outrage, shock, anxiety, and humiliation reasonably likely to occur based on the sexual harassment she experienced.

38. The aforesaid conduct of Constitution Lube, by and through its agent; President and Chief Executive Officer, Kurt E. Pederson; and Defendant Pederson Officially, was willful, wanton, and malicious warranting an award of punitive damages.

**COUNT THREE: Battery against Constitution Lube and Pederson Officially.**

1-38. Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

39. Constitution Lube, by and through its agent, President and Chief Executive Officer, Kurt Pederson; and Defendant Pederson Officially, engaged in harmful or offensive physical contact with the Plaintiff by touching, rubbing and fondling Plaintiff's shoulders, back, hips and derriere on almost a daily basis while Plaintiff was engaged in the performance of her duties as a bookkeeper at Defendant Constitution Lube.

40. Defendants, in engaging in the aforementioned harmful or offensive physical contact with the Plaintiff intended to cause Plaintiff to suffer the harmful or offensive contact.

41. As a result of the Defendants harmful or offensive contact with the Plaintiff, the Plaintiff has suffered and continues to suffer damages.

42. Defendants harmful or offensive contact with the Plaintiff as aforesaid, was willful, wanton, and malicious warranting an award of punitive damages.

**COUNT FOUR: Intentional Infliction of Emotional Distress against Pederson Individually.**

1-42. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as if fully set forth herein.

43. Defendant Pederson Individually, committed actions that were extreme and outrageous, and/or made with the intention of causing Plaintiff to suffer emotional distress.

44. Specifically, when Plaintiff repeatedly asked Mr. Pederson to stop touching and fondling her, Mr. Pederson responded by ridiculing Plaintiff by laughing and smirking at her, and not only ignored her request, but responded with increased touching and fondling of her person.

45. Defendant Pederson Individually, intended to inflict emotional distress, or knew or should have known that emotional distress was a likely result of his conduct.

46. The foregoing conduct did in fact cause Plaintiff to suffer severe emotional distress, and as a proximate result of said conduct, Plaintiff did suffer and continues to suffer from emotional distress consisting of pain, discomfort, outrage, shock, anxiety, and humiliation reasonably likely to occur based on the sexual harassment she experienced.

47.  The aforesaid conduct of Defendant Pederson Individually, was willful, wanton, and malicious warranting an award of punitive damages.

**COUNT FIVE: Battery against Pederson Individually.**

1-47. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as if fully set forth herein.

48. Defendant Pederson Individually, engaged in harmful or offensive physical contact with the Plaintiff by touching, rubbing and fondling Plaintiff's shoulders, back, hips and derriere on almost a daily basis while Plaintiff was engaged in the performance of her duties as a bookkeeper at Defendant Constitution Lube.

49. Defendant Pederson Individually, in engaging in the aforementioned harmful or offensive physical contact with the Plaintiff intended to cause Plaintiff to suffer the harmful or offensive contact.

50. As a result of the harmful or offensive contact with the Plaintiff by Defendant Pederson Individually, the Plaintiff has suffered and continues to suffer damages.

51. The harmful or offensive contact with the Plaintiff by Defendant Pederson Individually, as aforesaid, was willful, wanton, and malicious warranting an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests this Court to:

1. Issue a declaratory judgment that Defendant Constitution Lube's acts, policies and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended, specifically, 42 U.S.C. §2000e-2(a)(1);

2. Award her compensatory and punitive damages, pursuant to 42 U.S.C. §1981a;

3. Grant her all additional out-of-pocket expenses, and such other appropriate elements of damages to which she may show herself entitled;

4. Award compensatory damages pursuant to Connecticut common law;

5. Award punitive damages pursuant to Connecticut common law;

6. Grant her recovery of reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988;

7. Grant her such additional relief as the Court deems just and proper.

## Jury Demand

Plaintiff hereby demands a jury trial.

Dated at Hartford, Connecticut, this 12th day of November, 2009.

        PLAINTIFF
        JENNIFER R. SCHUMSKY

        By /s/Jeanette T. Chambers
        Jeanette T. Chambers, Esq.
        Chambers Law Offices, LLC
        179 Allyn Street, Suite 305
        Hartford, CT 06103
        Telephone: (860) 278-8126
        Fax: (860) 760-6222
        chamberslawoffices@att.net
        Federal Bar No.: ct05563