UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JENNIFER R. SCHUMSKY,<br>    Plaintiff<br><br>v.<br><br>CONSTITUTION LUBE, INC.;<br>KURT E. PEDERSON, IN HIS<br>OFFICIAL CAPACITY;<br>KURT E. PEDERSON, IN HIS<br>INDIVIDUAL CAPACITY,<br>    Defendants | Civil Action No. 3:09-CV-1850 (SRU)<br><br><br><br>January 20, 2010 |

## **DEFENDANT'S CONSTITUTION LUBE'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Constitution Lube, Inc., hereby submits its Answer and Defenses to Plaintiff Jennifer Schumsky's Complaint dated November 12, 2009 as follows:

### **Preliminary Statement**

1. Paragraph 1 sets forth a legal conclusion to which no response is required. To the extent that this paragraph requires a response, Defendant denies any claim of discriminatory conduct in violation of the law.

### **Jurisdiction and Venue**

2. Paragraph 2 sets forth a legal conclusion to which no response is required. To the extent that this paragraph requires a response, Defendant avers that Plaintiff brings claims that invoke federal question jurisdiction.

3. Paragraph 3 sets forth a legal conclusion to which no response is required. To the extent that this paragraph requires a response, Defendant avers that venue in this district is proper.

4.  Paragraph 4 sets forth a legal conclusion to which no response is required. To the extent that this paragraph requires a response, Defendant avers that Plaintiff brings claims that invoke supplemental jurisdiction.

5.  Defendant has insufficient information to admit or deny the allegations in Paragraph 5 and therefore denies same.

## Parties

6.  Defendant admits that while Plaintiff was employed with Defendant from on or about September 29, 2005 to on or about June 18, 2008, Plaintiff's records indicated that she was a resident of Hartford County, State of Connecticut.

7.  Defendant admits the allegations in Paragraph 7.

8.  Defendant admits that Kurt E. Pederson is an owner of Constitution Lube and is President and Chief Executive Officer. Defendant has insufficient information to admit or deny the remaining allegations in Paragraph 8 and therefore denies same.

## Administrative Procedures

9.  Defendant admits the allegations in Paragraph 9.

10. Defendant has insufficient information to admit or deny the allegations in Paragraph 10 and therefore denies same.

11. Defendant has insufficient information to admit or deny the allegations in Paragraph 11 and therefore denies same.

12. Defendant has insufficient information to admit or deny the allegations in Paragraph 12 and therefore denies same.

## Statement of Claim

13. Defendant admits the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant has insufficient information to admit or deny the allegations in Paragraph 15 and therefore denies same.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant has insufficient information to admit or deny the allegations in Paragraph 21 and therefore denies same.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant has insufficient information to admit or deny the allegations in Paragraph 23 except admits that Sean Porcher is a partner based in Defendant's California office.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

**COUNT ONE: Violation of Title VII by Defendant Constitution Lube Based on Sex (42 U.S.C. §2000e, *et seq.*)**

1-26. Defendant's responses to Paragraphs 1 through 26 above are incorporated as if fully set forth herein.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

**COUNT TWO: Intentional Infliction of Emotional Distress against Constitution Lube and Pederson Officially.**

1-33. Defendant's responses to Paragraphs 1 through 33 above are incorporated as if fully set forth herein.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

**COUNT THREE: Battery against Constitution Lube and Pederson Officially.**

1-38. Defendant's responses to Paragraphs 1 through 38 above are incorporated as if fully set forth herein.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as a matter of fact and/or law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Constitution Lube exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Constitution Lube or to avoid harm otherwise.

## OTHER DEFENSES[1]

### AS AND FOR A FIRST DEFENSE

At all relevant times, Defendant acted in good faith and did not violate any rights which may be secured to Plaintiff under any federal, state, or local laws, rules, regulations, guidelines, or common law.

---

[1] Defendant asserts these defenses without assuming any burden of production or proof that it would not otherwise have.

**AS AND FOR A SECOND DEFENSE**

Plaintiff fails to state a claim in whole or in part upon which compensatory damages, punitive damages, attorney's fees, costs, and/or money damages may be awarded.

**AS AND FOR A THIRD DEFENSE**

Defendant made good faith efforts to comply with the anti-discrimination and anti-harassment laws as to Plaintiff and is not liable for punitive damages.

**AS AND FOR A FOURTH DEFENSE**

Upon information and belief, "Kurt Pederson in his official capacity" is not a proper party to this action.

**AS AND FOR A FIFTH DEFENSE**

Upon information and belief, Plaintiff's claims for damages are barred or reduced by her failure to seek proper treatment for any alleged emotional distress.

Defendant reserves the right to amend its answer, to add additional or other affirmative defenses, delete or withdraw defenses, and to add other claims as they may become necessary after reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant respectfully requests that this Court:

a) Deny each and every demand, claim, and prayer for relief contained in the Complaint;

b) Award to Defendant reimbursement for reasonable attorneys' fees and costs incurred in defending this meritless and vexatious action; and

c) Grant such other and further relief that the Court may deem just and proper.

DEFENDANT,
CONSTITUTION LUBE, INC.

By: /s/ *Beverly W. Garofalo*
Beverly W. Garofalo (ct 11439)
Akintokunbo Akinbajo (ct 27965)
Jackson Lewis LLP
90 Statehouse Square, 8th Floor
Hartford, CT 06103
Tel: (860) 522-0404
Fax: (860) 247-1330
garofalob@jacksonlewis.com

CERTIFICATION OF SERVICE

I hereby certify that on January 20, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Akintokunbo Akinbajo*
Akintokunbo Akinbajo

4851-7248-1541, v. 14841-9900-9797, v. 2