# EXHIBIT 1

CHAMBERS LAW OFFICES LLC
JEANETTE T. CHAMBERS
ATTORNEY AT LAW
655 Blue Hills Avenue
P.O. Box 4520
HARTFORD, CT 06147-4520

TEL: (860) 278-8126
FAX: (860) 760-6222

Mailing Address:
P.O. Box 4520
Hartford, CT 06147-4520

ALSO ADMITTED IN IL. & D.C.          Thursday, February 24, 2011

Hampden County Sheriff's Department
Office of the Sheriff
1170 Main Street
Springfield, MA 01103

**RE: Jennifer Schumsky vs. Constitution Lube, Inc., et al; No.: 3:09-CV-1850(SRU), United States District Court, District of Connecticut**

**RE: Amy Taylor vs. Constitution Lube, Inc., et al; No.: 3:10-CV-0015 (SRU), United States District Court, District of Connecticut**

Dear Hampden County Sheriff's Department:

Please serve the attached Subpoenas and Notice of Deposition upon:

**Mr. John Gabriel
40 Abbott Street
Springfield, MA 01118**

Please return the original proof of service to my office at: P.O. Box 4520, Hartford, CT 06147-4520. Enclosed please find a check for $75.00, payable to the "Office of the Sheriff", for the service fee as instructed by your office. Also enclosed is a check for $68.05, payable to "John Gabriel", to be given to Mr. Gabriel, which is the federal court witness fee of $40.00, plus mileage of $28.05 for the 55 mile round trip at $.51/per mile.

Please call me if you should have any questions. If you cannot reach me at the office number, (860) 278-8126, please contact me at my cellular number (860) 308-0929.

Thank you.

Very truly yours,

Jeanette T. Chambers

JTC:mn
Encls.

cc:    Atty. S. Fournier
        Atty. G. Weller
        Atty. B. Garofalo

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| Jennifer R. Schumsky | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   3:09CV1850(SRU) |
| Constitution Lube, Inc., and Kurt E. Pederson | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | District of Connecticut            ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   John Gabriel, 40 Abbott Street, Springfield, MA 01118

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Offices of Brandon Smith Reporting Service LLC<br>249 Pearl Street<br>Hartford, CT 06103 | Date and Time:<br><br>03/04/2011 11:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographer

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/24/2011

CLERK OF COURT

_____          OR          _Jeanette T. Chambers_
Signature of Clerk or Deputy Clerk                          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Jennifer Schumsky
_____ , who issues or requests this subpoena, are:
Jeanette T. Chambers, Chambers Law Offices, P.O. Box 4520, 655 Blue Hills Ave. Hartford CT 06147-4520
Office: (860) 278-8126
Cell: (860) 308-0929

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:09CV1850(SRU)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*    John Gabriel
was received by me on *(date)*                          .

❑ I served the subpoena by delivering a copy to the named individual as follows:

_____

_____  on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                         _____
                                          *Printed name and title*

                                         _____
                                          *Server's address*

Additional information regarding attempted service, etc:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JENNIFER R. SCHUMSKY

     v.                            3:09CV1850 (SRU)

CONSTITUTION LUBE, INC., KURT E.
PEDERSON, in his official capacity, and
KURT E. PEDERSON, in his individual
capacity

AMY TAYLOR

     v.                            3:10CV15   (SRU)

CONSTITUTION LUBE, INC., KURT E.
PEDERSON, in his official capacity, and
KURT E. PEDERSON, in his individual
capacity                          February 24, 2011

### NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil
Procedure, Plaintiff, Jennifer R. Schumsky, and Plaintiff, Amy Taylor, will take the
deposition of Mr. John Gabriel, 40 Abbott Street, Springfield, MA, 01118 on Friday,
March 4, 2011 at 11:00 a.m. The deposition will be held at the offices of Brandon Smith
Reporting Service LLC, 249 Pearl Street, Hartford, Connecticut 06103.

PLAINTIFF, JENNIFER R. SCHUMSKY
PLAINTIFF, AMY TAYLOR

By _Jeanette T. Chambers_
Jeanette T. Chambers (ct05563)
Chambers Law Offices
P.O. Box 4520, 655 Blue Hills Ave.
Hartford, CT 06147-4520
Tel: (860)278-8126, Fax; (860)760-6222
jtc@jchamberslaw.com

## CERTIFICATION OF SERVICE

This is to certify that on this 24th day of February, 2011, the foregoing was sent via fax or electronic mail, and via first class mail to the following:

Beverly W. Garofalo, Esq.
Akintokunbo Akinbajo, Esq.
Jackson Lewis LLP
90 Statehouse Square, 8th Floor
Hartford, CT 06103
Tel: (860) 522-0404; Fax: (860) 247-1330
GarofalB@jacksonlewis.com
AkinbajA@jacksonlewis.com

Giovanna Tiberii Weller, Esq.
Sarah Schultz Healey, Esq.
Carmody & Torrance LLP
50 Leavenworth Street
Waterbury, CT 06702
Tel: (203) 575-2651; Fax: (203) 575-2600
GWeller@carmodylaw.com
SSchultz-Healey@carmodylaw.com

Stephen Fournier, Esq.
74 Tremont Street
Hartford, CT 06105
Tel: (860) 794-6718; Fax (860) 233-3044
stepfour@stepfour.com

Brandon Smith Reporting Service LLC
249 Pearl Street
Hartford, CT 06103
ruth@brandonreporting.com

Jeanette T. Chambers

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | |
|---|---|
| Amy Taylor | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Constitution Lube, Inc., and Kurt E. Pederson | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.   3:10CV0015(SRU)

(If the action is pending in another district, state where:
District of Connecticut                )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  John Gabriel, 40 Abbott Street, Springfield, MA 01118

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Offices of Brandon Smith Reporting Service LLC<br>249 Pearl Street<br>Hartford, CT 06103 | Date and Time:<br><br>03/04/2011 11:00 am |
|---|---|

The deposition will be recorded by this method:  _Stenographer_

☐ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _02/24/2011_

CLERK OF COURT

OR  _Jeanette T. Chambers_

_____
_Signature of Clerk or Deputy Clerk_

_____
_Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_  _____Amy Taylor_____
_____ , who issues or requests this subpoena, are:
Jeanette T. Chambers, Chambers Law Offices, P.O. Box 4520, 655 Blue Hills Ave. Hartford CT 06147-4520
Office: (860) 278-8126
Cell: (860) 308-0929

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   3:10CV0015(SRU)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   John Gabriel _____

was received by me on *(date)* _____ .

□  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

□  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00       .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                          _____
                                                              *Printed name and title*

                                                          _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JENNIFER R. SCHUMSKY

     v.                              3:09CV1850 (SRU)

CONSTITUTION LUBE, INC., KURT E.
PEDERSON, in his official capacity, and
KURT E. PEDERSON, in his individual
capacity


AMY TAYLOR

     v.                              3:10CV15   (SRU)

CONSTITUTION LUBE, INC., KURT E.
PEDERSON, in his official capacity, and
KURT E. PEDERSON, in his individual
capacity                             February 24, 2011

## NOTICE OF DEPOSITION

    PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff, Jennifer R. Schumsky, and Plaintiff, Amy Taylor, will take the deposition of Mr. John Gabriel, 40 Abbott Street, Springfield, MA, 01118 on Friday, March 4, 2011 at 11:00 a.m. The deposition will be held at the offices of Brandon Smith Reporting Service LLC, 249 Pearl Street, Hartford, Connecticut 06103.

                                     PLAINTIFF, JENNIFER R. SCHUMSKY
                                     PLAINTIFF, AMY TAYLOR

                                     By _Jeanette T. Chambers_
                                     Jeanette T. Chambers (ct05563)
                                     Chambers Law Offices
                                     P.O. Box 4520, 655 Blue Hills Ave.
                                     Hartford, CT 06147-4520
                                     Tel: (860)278-8126, Fax; (860)760-6222
                                     jtc@jchamberslaw.com

## CERTIFICATION OF SERVICE

This is to certify that on this 24th day of February, 2011, the foregoing was sent via fax or electronic mail, and via first class mail to the following:

Beverly W. Garofalo, Esq.
Akintokunbo Akinbajo, Esq.
Jackson Lewis LLP
90 Statehouse Square, 8th Floor
Hartford, CT 06103
Tel: (860) 522-0404; Fax: (860) 247-1330
GarofalB@jacksonlewis.com
AkinbajA@jacksonlewis.com

Giovanna Tiberii Weller, Esq.
Sarah Schultz Healey, Esq.
Carmody & Torrance LLP
50 Leavenworth Street
Waterbury, CT 06702
Tel: (203) 575-2651; Fax: (203) 575-2600
GWeller@carmodylaw.com
SSchultz-Healey@carmodylaw.com

Stephen Fournier, Esq.
74 Tremont Street
Hartford, CT 06105
Tel: (860) 794-6718; Fax (860) 233-3044
stepfour@stepfour.com

Brandon Smith Reporting Service LLC
249 Pearl Street
Hartford, CT 06103
ruth@brandonreporting.com

Jeanette T. Chambers

# EXHIBIT 2

CHAMBERS LAW OFFICES LLC
JEANETTE T. CHAMBERS
ATTORNEY AT LAW
655 Blue Hills Avenue
P.O. Box 4520
HARTFORD, CT 06147-4520

TEL: (860) 278-8126
FAX: (860) 760-6222

Mailing Address:
P.O. Box 4520
Hartford, CT 06147-4520

ALSO ADMITTED IN IL & D.C.          Thursday, February 24, 2011

Hancock County Sheriffs
50 State Street, Suite 10
Ellsworth, ME 04605

**RE: Amy Taylor vs. Constitution Lube, Inc., et al; No.: 3:10-CV-0015 (SRU), United States District Court, District of Connecticut**

**RE: Jennifer Schumsky vs. Constitution Lube, Inc., et al; No.: 3:09-CV-1850(SRU), United States District Court, District of Connecticut**

Dear Hancock County Sheriffs:

Please serve the attached Subpoenas and Notice of Deposition upon:

**Ms. Jessica D. Easler**
**657 Lamoine Beach Road**
**Lamoine, ME 04605**

Please return the original proof of service to my office at: P.O. Box 4520, Hartford, CT 06147-4520. Enclosed please find a check for $80.00, payable to the "Hancock County Sheriffs", for the service fee as instructed by your office. Also enclosed is a check for $78.76, payable to "Jessica Easler", to be given to Ms. Easler, which is the federal court witness fee of $40.00, plus mileage of $38.76 for the 76 mile round trip at $.51/per mile.

Please call me if you should have any questions. If you cannot reach me at the office number, (860) 278-8126, please contact me at my cellular number (860) 308-0929.

Thank you.

Very truly yours,

Jeanette T. Chambers

JTC:mn
Encls.

cc:     Atty. S. Fournier
        Atty. G. Weller
        Atty. B. Garofalo

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Maine

| | | |
|---|---|---|
| Amy Taylor | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:10CV0015(SRU) |
| Constitution Lube, Inc., and Kurt E. Pederson | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Connecticut          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Jessica D. Easler, 657 Lamoine Beach Road, Lamoine, ME 04605

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Offices of Groff, Minsky & Mogul<br>23 Water Street<br>Bangor, ME 04401 | Date and Time:<br><br>03/07/2011 12:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   02/24/2011

*CLERK OF COURT*

OR _Jeanette T. Chambers_

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*          Amy Taylor
_____ , who issues or requests this subpoena, are:

Jeanette T. Chambers, Chambers Law Offices, P.O. Box 4520, 655 Blue Hills Ave. Hartford CT 06147-4520
Office: (860) 278-8126
Cell: (860) 308-0929

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:10CV0015(SRU)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Jessica D. Easler _____

was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JENNIFER R. SCHUMSKY

     v.                                          3:09CV1850 (SRU)

CONSTITUTION LUBE, INC., KURT E.
PEDERSON, in his official capacity, and
KURT E. PEDERSON, in his individual
capacity


AMY TAYLOR

     v.                                          3:10CV15    (SRU)

CONSTITUTION LUBE, INC., KURT E.
PEDERSON, in his official capacity, and
KURT E. PEDERSON, in his individual
capacity                                         February 24, 2011


## NOTICE OF DEPOSITION

    PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiff, Jennifer R. Schumsky, and Plaintiff, Amy Taylor, will take the deposition of Ms. Jessica D. Easler, 657 Lamoine Beach Road, Lamoine, ME, on Monday, March 7, 2011 at 12:00 p.m, before a representative of Pearson Reporting Service, to be held at the offices of Groff, Minsky & Mogul, 23 Water Street, Bangor, ME 04401.

                    PLAINTIFF, JENNIFER R. SCHUMSKY
                    PLAINTIFF, AMY TAYLOR

                    By _Jeanette T. Chambers_

                    Jeanette T. Chambers (ct05563)
                    Chambers Law Offices
                    P.O. Box 4520, 655 Blue Hills Ave.
                    Hartford, CT 06147-4520
                    Tel: (860)278-8126, Fax; (860)760-6222
                    jtc@jchamberslaw.com

## CERTIFICATION OF SERVICE

This is to certify that on this 24th day of February, 2011, the foregoing was sent via fax or electronic mail, and via first class mail to the following:

Beverly W. Garofalo, Esq.
Akintokunbo Akinbajo, Esq.
Jackson Lewis LLP
90 Statehouse Square, 8th Floor
Hartford, CT 06103
Tel: (860) 522-0404; Fax: (860) 247-1330
GarofalB@jacksonlewis.com
AkinbajA@jacksonlewis.com

Giovanna Tiberii Weller, Esq.
Sarah Schultz Healey, Esq.
Carmody & Torrance LLP
50 Leavenworth Street
Waterbury, CT 06702
Tel: (203) 575-2651; Fax: (203) 575-2600
GWeller@carmodylaw.com
SSchultz-Healey@carmodylaw.com

Stephen Fournier, Esq.
74 Tremont Street
Hartford, CT 06105
Tel: (860) 794-6718; Fax (860) 233-3044
stepfour@stepfour.com

Brandon Smith Reporting Service LLC
249 Pearl Street
Hartford, CT 06103
ruth@brandonreporting.com

Jeanette T. Chambers

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Maine

| | | |
|---|---|---|
| Jennifer R. Schumsky | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    3:09CV1850(SRU) |
| Constitution Lube, Inc., and Kurt E. Pederson | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Connecticut            ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Jessica D. Easler, 657 Lamoine Beach Road, Lamoine, ME 04605

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Offices of Groff, Minsky & Mogul<br>23 Water Street<br>Bangor, ME 04401 | Date and Time:<br>03/07/2011 12:00 pm |
|---|---|

The deposition will be recorded by this method:   Stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ____02/24/2011____

CLERK OF COURT

OR   *Jeanette T. Chambers*

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Jennifer R. Schumsky
_____ , who issues or requests this subpoena, are:
Jeanette T. Chambers, Chambers Law Offices, P.O. Box 4520, 655 Blue Hills Ave. Hartford CT 06147-4520
Office: (860) 278-8126
Cell: (860) 308-0929

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:09CV1850(SRU)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Jessica D. Easler

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JENNIFER R. SCHUMSKY

     v.                                3:09CV1850 (SRU)

CONSTITUTION LUBE, INC., KURT E.
PEDERSON, in his official capacity, and
KURT E. PEDERSON, in his individual
capacity


AMY TAYLOR

     v.                                3:10CV15    (SRU)

CONSTITUTION LUBE, INC., KURT E.
PEDERSON, in his official capacity, and
KURT E. PEDERSON, in his individual
capacity                              February 24, 2011

## NOTICE OF DEPOSITION

    PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil
Procedure, Plaintiff, Jennifer R. Schumsky, and Plaintiff, Amy Taylor, will take the
deposition of Ms. Jessica D. Easler, 657 Lamoine Beach Road, Lamoine, ME, on
Monday, March 7, 2011 at 12:00 p.m, before a representative of Pearson Reporting
Service, to be held at the offices of Groff, Minsky & Mogul, 23 Water Street, Bangor, ME
04401.

                                            PLAINTIFF, JENNIFER R. SCHUMSKY
                                          PLAINTIFF, AMY TAYLOR

                                          By _Jeanette T. Chambers_
                                          Jeanette T. Chambers (ct05563)
                                          Chambers Law Offices
                                          P.O. Box 4520, 655 Blue Hills Ave.
                                          Hartford, CT 06147-4520
                                          Tel: (860)278-8126, Fax; (860)760-6222
                                          jtc@jchamberslaw.com

## CERTIFICATION OF SERVICE

This is to certify that on this 24th day of February, 2011, the foregoing was sent via fax or electronic mail, and via first class mail to the following:

Beverly W. Garofalo, Esq.
Akintokunbo Akinbajo, Esq.
Jackson Lewis LLP
90 Statehouse Square, 8th Floor
Hartford, CT 06103
Tel: (860) 522-0404; Fax: (860) 247-1330
GarofalB@jacksonlewis.com
AkinbajA@jacksonlewis.com

Giovanna Tiberii Weller, Esq.
Sarah Schultz Healey, Esq.
Carmody & Torrance LLP
50 Leavenworth Street
Waterbury, CT 06702
Tel: (203) 575-2651; Fax: (203) 575-2600
GWeller@carmodylaw.com
SSchultz-Healey@carmodylaw.com

Stephen Fournier, Esq.
74 Tremont Street
Hartford, CT 06105
Tel: (860) 794-6718; Fax (860) 233-3044
stepfour@stepfour.com

Brandon Smith Reporting Service LLC
249 Pearl Street
Hartford, CT 06103
ruth@brandonreporting.com

Jeanette T. Chambers

# EXHIBIT 3



Representing Management Exclusively in Workplace Law and Related Litigation

| | | |
|---|---|---|
| **Jackson Lewis LLP** | ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PORTLAND, OR |
| 90 State House Square | ALBUQUERQUE, NM | GREENVILLE, SC | MORRISTOWN, NJ | PORTSMOUTH, NH |
| 8th Floor | ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | PROVIDENCE, RI |
| Hartford, Connecticut 06103 | BALTIMORE, MD | HOUSTON, TX | NEW YORK, NY | RALEIGH-DURHAM, NC |
| Tel 860 522-0404 | BIRMINGHAM, AL | INDIANAPOLIS, IN | NORFOLK, VA | RICHMOND, VA |
| Fax 860 247-1330 | BOSTON, MA | JACKSONVILLE, FL | OMAHA, NE | SACRAMENTO, CA |
| www.jacksonlewis.com | CHICAGO, IL | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA |
| | CINCINNATI, OH | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA |
| | CLEVELAND, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| | DALLAS, TX | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| | DENVER, CO | MIAMI, FL | PITTSBURGH, PA | WASHINGTON, DC REGION |
| | | | | WHITE PLAINS, NY |

EMAIL ADDRESS: GAROFALOB@JACKSONLEWIS.COM

February 28, 2011

**VIA ADVANCE E-MAIL**
Jeanette T. Chambers, Esq.
Chambers Law Offices, LLC
655 Blue Hills Avenue
P.O. Box 4520
Hartford, CT 06147-4520

RE:   Jennifer Schumsky v. Constitution
      Lube, Inc.; Kurt Pederson
      Docket No.: 3:09-CV-1850 (SRU)

Dear Attorney Chambers:

We are in receipt of your subpoenas for the depositions of John Gabriel for Friday, March 4, 2011 and Jessica Easler for Monday, March 7, 2011. I am unavailable on Friday March 4th due to a previously scheduled out-of-state business trip and have a scheduling conflict on Monday March 7th. Please propose alternative dates to schedule the depositions of John Gabriel and Jessica Easler or let me know if we need to file an appropriate motion with the Court.

We also received your correspondence dated Saturday, February 26, 2011, regarding the deposition dates for Charlie Markunas and Christian Petrilli. As noted by Attorney Weller in an email earlier today, Mr. Pederson is unavailable on March 9th so we will have to schedule the deposition of Charlie Markunas for another day. Although we had previously offered March 10th as a possible date for the deposition of Christian Petrilli, we must connect with him to make sure that he is still available. We will advise you once we have confirmation.

At the end of Kurt Pederson's deposition on Wednesday, February 23, 2011, we discussed extending the pretrial deadlines in this matter to provide the parties additional time to find mutually convenient dates to schedule the remaining depositions. I understand that you spoke with Attorney Weller earlier today and you are amenable to extending the discovery deadline in this matter. Accordingly, we will draft a joint motion for your review.

Jeanette T. Chambers, Esq.
Chambers Law Offices, LLC
February 28, 2011
Page 2



If you have any questions, please let me know.  Thank you.

Very truly yours,
JACKSON LEWIS LLP

Beverly W. Garofalo

BWG/dpl
Enclosures

cc: Stephen Fournier
  Giovanna Tiberri Weller
  Sarah Healey

# EXHIBIT 4

**Akinbajo, Tokunbo (Hartford)**

| | |
|---|---|
| **From:** | Southwest Airlines [SouthwestAirlines@luv.southwest.com] |
| **Sent:** | Wednesday, February 09, 2011 5:34 PM |
| **To:** | Jenkins, Allison M. (Hartford) |
| **Subject:** | Ticketless Travel Passenger Itinerary |



This e-mail contains Southwest Airlines Ticketless Travel information and is being sent to you at the request of the Purchaser, Passenger, or individual responsible for arranging this air travel.

### Confirmation Number:
**XB23HK**

### Passenger Information

**Passenger(s)**

VICTORIA WOODIN CHAVEY

BEVERLY W GAROFALO

### Itinerary

**Depart: Hartford to Minneapolis/St. Paul   ( Travel Time: 5 hrs 5 mins )**

| Date | Flight | Flight Information |
|---|---|---|
| Wed Mar 02 | 681 | Depart Hartford(BDL) at 06:50 AM<br>Arrive in Chicago (Midway)(MDW) at 08:15 AM |
| | 400 | Change planes in Chicago (Midway)(MDW) departing at 09:35 AM<br>Arrive in Minneapolis/St. Paul(MSP) at 10:55 AM |

**Return: Minneapolis/St. Paul to Hartford   ( Travel Time: 5 hrs 35 mins )**

| Date | Flight | Flight Information |
|---|---|---|
| Fri Mar 04 | 1331 | Depart Minneapolis/St. Paul(MSP) at 06:15 AM<br>Arrive in Chicago (Midway)(MDW) at 07:45 AM |
| | 2036 | Change planes in Chicago (Midway)(MDW) departing at 09:50 AM<br>Arrive in Hartford(BDL) at 12:50 PM |

This is an itinerary only and is not considered a receipt.

### Click 'n Save

Sign up today at southwest.com to receive a weekly e-mail announcing our latest special offers!

### Important Checkin Requirement

Passengers who do not obtain a boarding pass and are not present and available for boarding in the departure gate area at least ten minutes prior to scheduled departure time may have their reserved space cancelled and will not be eligible for denied boarding compensation.

## Southwest Airlines Co. Notice of Incorporated Terms

Air transportation by Southwest Airlines is subject to Southwest Airlines' Passenger Contract of Carriage, the terms of which are incorporated by reference.

Notice of Incorporated Terms

**Additional Information for Travelers**

Online Checkin | Free Baggage Allowance | Checkin Procedure | Inflight Service
Travel Tools | Refund Information | Privacy Policy | Southwest Airlines Destinations

We can notify you of flight departure or arrival status via text messages on your cell phone, pager, personal digital assistant (PDA), or e-mail account. Or, use our automated phone service by calling 1-888-SWA-TRIP.

www.southwest.com | Book Air | Book Car | Book Hotel | Book Cruise | Book Vacation Package | Download DING!

# EXHIBIT 5

**Akinbajo, Tokunbo (Hartford)**

| | |
|---|---|
| **From:** | jtc@jchamberslaw.com |
| **Sent:** | Tuesday, March 01, 2011 2:39 PM |
| **To:** | Akinbajo, Tokunbo (Hartford) |
| **Subject:** | Re: Letter to Attorney Chambers - Schumsky v. Constitution Lube;    Kurt Pederson |

I am in receipt of Atty. Garofalo's letter of February 28, 2011. Please provide me with a proposed joint motion to extend the discovery period in the consolidated (for discovery) Schumsky and Taylor cases. I note that the letter references the Schumsky case only. Also, your previously proposed date for the Petrilli deposition was the 11th, not the 10th, as the referenced letter states. Please provide me with dates that everyone is available for the Gabriel, Easler and Markunas depositions. If Friday, March 11, 2011 is not available for the Petrilli deposition, please provide another date for that also. We will proceed with Mr. Porcher's deposition on March 8, 2011.

Atty. Jeanette Chambers
Chambers Law Offices
P.O. Box 4520
Hartford, CT 06147-4520
Tel: (860) 278-8126
Fax: (860) 760-6222
Email: jtc@jchamberslaw.com

# EXHIBIT 6

**Akinbajo, Tokunbo (Hartford)**

| | |
|---|---|
| **From:** | jtc@jchamberslaw.com |
| **Sent:** | Wednesday, March 02, 2011 5:52 AM |
| **To:** | Akinbajo, Tokunbo (Hartford); jtc@jchamberslaw.com |
| **Cc:** | Garofalo, Beverly W. (Hartford); Giovanna T. Weller; Sarah Healey |
| **Subject:** | Re: Letter to Attorney Chambers - Schumsky v. Constitution Lube;   Kurt Pederson |

Please be advised that we have decided to proceed with the John Gabriel deposition on Friday, March 4, 2011. As for the other depositions, as indicated in my reply email of 3/1/2011, we are amenable to agreeing on alternative dates pursuant to a revised scheduling order, should the court allow any such requested extension. Thank you.

Atty. Jeanette Chambers
Chambers Law Offices
P.O. Box 4520
Hartford, CT 06147-4520
Tel: (860) 278-8126
Fax: (860) 760-6222
Email: jtc@jchamberslaw.com

# EXHIBIT 7

**Akinbajo, Tokunbo (Hartford)**

| | |
|---|---|
| **From:** | Garofalo, Beverly W. (Hartford) |
| **Sent:** | Wednesday, March 02, 2011 6:08 AM |
| **To:** | ajtc@jchamberslaw.com; Akinbajo, Tokunbo (Hartford) |
| **Cc:** | Garofalo, Beverly W. (Hartford); Giovanna T. Weller; Sarah Healey |
| **Subject:** | Re: Letter to Attorney Chambers - Schumsky v. Constitution Lube;    Kurt Pederson |

Attorney Chambers:  I am literally in the shuttle to the airpot on my way to MN.  We request again that you agree to put off the deposition for Friday that was noticed on such short notice particularly in light of the agreement to seek an extension of the pretrial deadlines.  We will seek an appropriate motion with the court.

Regards
Beverly

"jtc@jchamberslaw.com" <jtc@jchamberslaw.com> wrote:

Please be advised that we have decided to proceed with the John Gabriel deposition on Friday, March 4, 2011. As for the other depositions, as indicated in my reply email of 3/1/2011, we are amenable to agreeing on alternative dates pursuant to a revised scheduling order, should the court allow any such requested extension. Thank you.

Atty. Jeanette Chambers
Chambers Law Offices
P.O. Box 4520
Hartford, CT 06147-4520
Tel: (860) 278-8126
Fax: (860) 760-6222
Email: jtc@jchamberslaw.com

# EXHIBIT 8

**Akinbajo, Tokunbo (Hartford)**

| | |
|---|---|
| **From:** | Giovanna T. Weller [GWeller@carmodylaw.com] |
| **Sent:** | Wednesday, March 02, 2011 10:48 AM |
| **To:** | Garofalo, Beverly W. (Hartford); ajtc@jchamberslaw.com; Akinbajo, Tokunbo (Hartford) |
| **Cc:** | Sarah Healey |
| **Subject:** | RE: Letter to Attorney Chambers - Schumsky v. Constitution Lube;   Kurt Pederson |

Dear Attorney Chambers,

I write concerning your insistence on proceeding with an out-of-state deposition that you scheduled less than a week ago for a non-party witness for whom you had given no prior notice of deposing. Given that co-defendant's counsel is out of state and therefore unavailable to attend the deposition, the only recourse is to file a motion with the court. I do not understand why the court has to be bothered with this matter, especially when all counsel had been working diligently to schedule deposition dates for the parties. Here, however, you refuse to even attempt to reschedule this deposition for a date where all counsel are available, even though you only noticed the deposition less than a week ago. I can assure you that I would make every reasonable effort to have this deposition proceed as expeditiously as possible for a date mutually convenient. I am confident that co-defendant's counsel would do so as well. While there are times when discovery motions to the court are unavoidable, this appears to be one that could be avoided by a willingness to communicate and work together. If you refuse to do so, I see no choice but to join in co-defendant's motion. Please contact me at your earliest convenience if you would like to attempt to resolve this short of judicial involvement.

Regards,

Giovanna Weller

Giovanna Tiberii Weller | Bio
CARMODY & TORRANCE LLP
50 Leavenworth Street | Waterbury, Connecticut 06702
Direct: 203-575-2651 | Fax: 203-575-2600 gweller@carmodylaw.com | www.carmodylaw.com

-----Original Message-----
From: Garofalo, Beverly W. (Hartford) [mailto:GarofalB@jacksonlewis.com]
Sent: Wednesday, March 02, 2011 6:08 AM
To: ajtc@jchamberslaw.com; Akinbajo, Tokunbo (Hartford)
Cc: Garofalo, Beverly W. (Hartford); Giovanna T. Weller; Sarah Healey
Subject: Re: Letter to Attorney Chambers - Schumsky v. Constitution Lube; Kurt Pederson

Attorney Chambers: I am literally in the shuttle to the airpot on my way to MN. We request again that you agree to put off the deposition for Friday that was noticed on such short notice particularly in light of the agreement to seek an extension of the pretrial deadlines. We will seek an appropriate motion with the court.

Regards
Beverly

"jtc@jchamberslaw.com" <jtc@jchamberslaw.com> wrote:

1

Please be advised that we have decided to proceed with the John Gabriel deposition on Friday, March 4, 2011. As for the other depositions, as indicated in my reply email of 3/1/2011, we are amenable to agreeing on alternative dates pursuant to a revised scheduling order, should the court allow any such requested extension. Thank you.

Atty. Jeanette Chambers
Chambers Law Offices
P.O. Box 4520
Hartford, CT 06147-4520
Tel: (860) 278-8126
Fax: (860) 760-6222
Email: jtc@jchamberslaw.com


Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.


This electronic message contains information from Carmody & Torrance LLP, or its attorneys, which may be confidential, privileged or otherwise protected from disclosure. The information is intended to be used solely by the recipient(s) named. If you are not an intended recipient, be aware that any review, disclosure, copying, distribution or use of this transmission or its contents is prohibited. If you have received this transmission in error, please notify us immediately at 203-573-1200 or at the reply email address. For more information about Carmody & Torrance LLP, please go to http://www.carmodylaw.com .